**SUMMONS ISSUED**

CV 12 3922

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 07 2012 ★

LONG ISLAND OFFICE

TREENA HARRIS on behalf of herself and
all other similarly situated consumers

                Plaintiff,

    -against-

COHEN & SLAMOWITZ, LLP

                Defendant.

BRODIE, J.
AZRACK, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Treena Harris seeks redress for the illegal practices of the Cohen & Slamowitz, LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to Discover Bank.

5. Upon information and belief, Defendant's principal place of business is located within Woodbury, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Treena Harris*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about January 24, 2012, February 27, 2012, April 2, 2012, April 20, 2012, and June 29, 2012, Defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d

1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

12. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)." The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that

the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

13. Although Cohen & Slamowitz, LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

14. If the Law Office of Cohen & Slamowitz, LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.

See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to

-4-

the least sophisticated consumer and violated § 1692e.), <u>Suquilanda v. Cohen & Slamowitz, LLP</u> No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

15. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

16. Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

18. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

19. The said letters are standardized form letters.

20. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

-5-

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

21. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

22. This cause of action is brought on behalf of Plaintiff and the members of a class.

23. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to Discover Bank; and (b) that the collection letters used an attorney letter head which represented that the letters were sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (c) the letters were sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions

       predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

29. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 6, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

# Law Office of
# Cohen & Slamowitz, LLP

(800) 293-6006 ext. 8982
(516) 686-8982
Fax (516) 584-1006
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

January 09, 2012

LDUNN1 D115299

TREENA HARRIS
277 CLARKSON AVE
BROOKLYN NY 11226

Re: Creditor: DISCOVER BANK
Account No: ▓▓▓▓▓▓▓▓▓▓
C&S File No: D115299
Balance Due As Of January 09, 2012: $10,934.57

Dear TREENA HARRIS:

This letter is to notify you that Discover Bank has retained this firm to collect its claim against you for the balance owing on your Discover Card account. Please contact us to discuss the repayment options available to you.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

## VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Law Office of Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to DISCOVER BANK . Our office also accepts Western Union, Money Gram, MasterCard, Visa and checks via telephone, or visit our website at **WWW.CSLAWLLP.COM** to make payments online.



P.O. BOX 9012
WOODBURY, NY 11797-9012

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8982
(800) 293-6006 ext 8982
Fax (516) 908-7993
Firm Representative: Shana Hussain

January 24, 2012

RE:
**Debtor: Treena Harris**
Creditor: Discover Bank
Account Number:
C&S File Number: D115299
Balance as of January 24, 2012: $10,934.57

TREENA HARRIS
277 CLARKSON AVE
BROOKLYN, NY 11226

Dear Treena Harris:

Please be advised that this office represents Discover Bank in connection with your outstanding bill. Discover Bank has retained us to work with you to resolve this matter to your satisfaction. We understand that your finances may not allow payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1:** 35% Discount<br>Payment Due Date: February 14, 2012 | One Payment of Only<br>$7,107.47 |
| **Option 2:** 20% Discount<br>First Payment Due Date: February 14, 2012 | 3 Monthly Payments of Only<br>$2,915.89 |
| **Option 3:** 24 Monthly Payments; First Payment of $455.77 due February 14, 2012, Followed by 23 monthly payments of $455.60 starting on March 14, 2012. ||

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by February 14, 2012 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please detach and return this portion with your payment

| Credit Card Used For Payment | |
|---|---|
| ☐ Visa   ☐ MasterCard | |
| Card Number | Amount |
| Signature | Exp. Date |

Creditor: Discover Bank
C&S File Number: D115299

Current Balance: $10,934.57 as of January 24, 2012
Offer Expires On: February 14, 2012

OPTION SELECTED (please check one):
☐ 1 PAYMENT OF $7,107.47   ☐ 3 PAYMENTS OF $2,915.89 EACH   ☐ 24 PAYMENTS, 1ST PAYMENT: $455.77

AMOUNT ENCLOSED $_____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions, or visit our website at **www.cslawllp.com** to make payments online. All payments should be made payable to Discover Bank.

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8982  
(800) 293-6006 ext. 8982  
Fax (516) 908-7993  
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive  
P.O. Box 9004  
Woodbury, NY 11797-9004  
NYC DCA License No. 1160860

February 27, 2012

TREENA HARRIS  
277 CLARKSON AVE  
BROOKLYN NY 11226

Re: Creditor: DISCOVER BANK  
Account No. ▇▇▇▇▇▇▇▇  
C&S File No: D115299  
Balance Due as of February 27, 2012: $11,074.57

Dear TREENA HARRIS:

Our client has authorized us to commence a lawsuit against you.

Should you wish to discuss this matter with us, kindly call us at the telephone number set forth above.

Very truly yours,

Cohen & Slamowitz

P.S. All checks should be forwarded directly to our office and made payable to DISCOVER BANK. Our office also accepts Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at **www.cslawllp.com** to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 

P.O. BOX 9012  
WOODBURY, NY 11797-9012  

43907



506D115299LTAXSETT_APRIL_2012.TXT

**Law Offices of**  
# Cohen & Slamowitz, LLP
(516) 686-8982  
(800) 293-6006 ext.8982  
Fax (516) 908-7993  
NYC DCA LICENSE No 1160860  

April 02, 2012

|..||..||.|.|.|.|.||....|.|..||||......|||..||..|||..|  
148*35564-03****AUTO**5-DIGIT 11226  
Treena Harris  
277 Clarkson Ave  
Brooklyn, NY 11226-2101  

TAX SEASON SPECIAL DISCOUNT

Creditor: Discover Bank  
Account: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓  
C&S File No. D115299  
Index No: 007202/12  
Balance Due As Of April 02, 2012: $11,074.57

Dear Treena Harris:

Our client is pleased to offer you a **savings of 40% off** on the outstanding balance owed on this account. ... balance due is currently $11,074.57; however, our client will accept the reduced sum of **$6,644.74** if you pay ... amount on or before April 27, 2012. Upon receipt and clearance of your payment, your account will be deemed settled in full by our client.

Payments should be forwarded directly to this office and made payable to Discover Bank using the payment stub below. Our office accepts Western Union, MoneyGram, Mastercard, Visa and ACH payments from savings and checking accounts, or visit our website at WWW.CSLAWLLP.COM to make a payment online.

Please take advantage of this special opportunity to settle your account for this reduced sum. Kindly note that this offer to settle is void if you are refinancing or selling your house or if we have restrained your bank account.

Very Truly Yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 

---

Please detach and return this portion with your payment

| ...rd Used For Payment  ☐ Visa   ☐ MasterCard | |
|---|---|
| Card Number | Amount |
| Signature | Exp. Date |

Creditor: Discover Bank  
Account: 6011002063963532  
C&S File No. D115299  
Index No: 007202/12  

Treena Harris  
277 Clarkson Ave  
Brooklyn, NY 11226-2101

TAX SEASON SPECIAL DISCOUNT

**DUE DATE:** April 27, 2012

**CURRENT BALANCE:** $11,074.57  
**TAX TIME SAVINGS:** $4,429.83  
**REDUCED BALANCE:** $6,644.74  
(if paid by due date)

AMOUNT ENCLOSED $ _____

COHEN & SLAMOWITZ, LLP  
P.O. BOX 9001  
WOODBURY, NY 11797-9001

 

LTAXSETT-0106